BLUE, Chief Judge.
Joseph P. McClash appeals a final order of the Department of Business and Professional Regulation following a recommended order by an administrative law judge (“ALJ”). The Department’s order concluded that McClash’s properties were subject to licensing by the Division of Hotels and Restaurants. Because the Department improperly substituted its factual finding on one dispositive point, we reverse.
McClash owns eight duplexes on a cul-de-sac in Manatee County. The duplexes are located on contiguous lots. Following a complaint and investigation, the Division *776 determined that the duplexes were subject to regulation under chapter 509, Florida Statutes (1997).[1] McClash disagreed and requested a formal hearing. In the recommended order entered after the hearing, the ALJ concluded that the properties appeared subject to licensing but for the fact that the Division had failed to meet its burden of proof on one element, namely that the duplexes are advertised or held out to the public as a place regularly rented to guests. Thus, although making findings contrary to the majority of McClash’s arguments regarding the Division’s jurisdiction over these duplexes, the ALJ recommended a disposition in his favor.
In its final order, the Department concluded that the Division had met its burden because McClash stipulated to the missing proof. We do not agree, and accordingly, we reverse. McClash’s stipulation was inartful and equivocal. Because of this, and based on his arguments in the record as a whole, it is clear to us that he did not stipulate to the dispositive fact. Therefore, the Department erred by substituting its view of the stipulation as a conclusive fact when the ALJ did not find it to be so. Accordingly, we reverse and remand for the Department to enter a final order consistent with the ALJ’s recommended order.
Reversed and remanded with directions.
FULMER and DAVIS, JJ., Concur.

. Section 509.013, Florida Statutes (1997), contains the definitions that circumscribe the Division's jurisdiction, and it states in part:
(4)(a) "Public lodging establishment” means any unit, group of units, dwelling, building, or group of buildings within a single complex of buildings, which is rented to guests more than three times in a calendar year for periods of less than 30 days or 1 calendar month, whichever is less, or which is advertised or held out to the public as a place regularly rented to guests....
(b) The following are excluded from the definition in paragraph (a):
[[Image here]]
4. Any unit or group of units in a condominium, cooperative, or timeshare plan and any individually or collectively owned one-family, two-family, three-family, or four-family dwelling house or dwelling unit that is rented for periods of at least 30 days or 1 calendar month, whichever is less, and that is not advertised or held out to the public as a place regularly rented for periods of less than 1 calendar month, provided that no more than four rental units within a single complex of buildings are available for rent;
[[Image here]]
(7) "Single complex of buildings” means all buildings or structures that are owned, managed, controlled, or operated under one business name and are situated on the same tract or plot of land that is not separated by a public street or highway.